IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CR-13-FL-1
No. 7:16-CV-230-FL

JEROME RICO EVANS,            )
                              )
          Petitioner,         )
                              )
     v.                       )           ORDER
                              )
UNITED STATES OF AMERICA,     )
                              )
          Respondent.         )

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 78), which challenges petitioner's career offender sentencing enhancement in light of the Supreme Court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). The issues raised are ripe for ruling.[1] For the reasons that follow, the court denies petitioner's motion to vacate.

**BACKGROUND**

On May 10, 2010, pursuant to a written plea agreement, petitioner pleaded guilty to possession with intent to distribute a quantity of heroin and a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). On December 8, 2010, petitioner was sentenced to 170 months' imprisonment. Petitioner appealed his judgment. The Fourth Circuit Court of Appeals affirmed in part and dismissed the appeal in part.

---

[1] This § 2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

Petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on February 7, 2012. The motion was denied. On June 27, 2016, petitioner filed the instant § 2255 motion, arguing that in light of Johnson, he no longer qualifies as a career offender. On August 9, 2016, this case was stayed pending the Supreme Court's final decision in Beckles v. United States, 15-8544. On April 7, 2017, the stay was lifted, and petitioner was given thirty days to show cause why his § 2255 motion should not be dismissed in light of Beckles v. United States, 137 S. Ct. 886 (2017). Petitioner failed to respond.

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

Prior to Johnson, an offense was deemed a "violent felony" under the Armed Career Criminal Act's ("ACCA") so-called "residual clause" if it was punishable by greater than one year's imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down the residual clause

of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563.

In this case, petitioner relies on Johnson's reasoning to challenge his designation as a career offender under U.S.S.G. § 4B1.1 on the basis that Johnson invalidated the residual clause. The Supreme Court recently held, however, that "the Guidelines are not amenable to a vagueness challenge." Beckles, 137 S. Ct. at 894. Thus, petitioner's status as a career offender is not subject to constitutional challenge.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 78). The court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 15th day of May, 2017.

LOUISE W. FLANAGAN
United States District Judge

3